

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JENNIFER KILGORE, and SHIRLEY HOWARD
INDIVIDUALLY AND ON BEHALF OF ALL
OTHERS SIMILARLY SITUATED                    PLAINTIFFS

VERSUS              CIVIL ACTION NO.: **1:25cv55 TBM-RPM**

THE CITY OF MOSS POINT, MAYOR BILLY KNIGHT
AND THE CITY ALDERMEN, EACH IN THEIR OFFICIAL
AND ELECTED CAPACITY AND THE MOSS POINT
CHIEF OF POLICE, IN HIS OFFICIAL CAPACITY,
INTELLISAFE, LLC, JOHN DOES 1-10, AND
ACME COMPANIES 1-10
                                             DEFENDANTS

## AMENDED CLASS ACTION COMPLAINT
## JURY TRIAL DEMANDED

COME NOW Plaintiffs Jennifer Kilgore and Shirley Howard,
Individually and on behalf of all others similarly situated,
and file this Amended Complaint to change paragraph 6 to remove
"and owner" . That is the sole amendment as to all the other
paragraphs they shall remain unchanged and will show the Court
as follows:

## JURISDICTION AND VENUE

1.   This action is filed pursuant to Subject Matter
jurisdiction under 42 U.S.C. Sec. 1983, 42 U.S.C. Section 1988,
and Pursuant to 28 U.S.C. Section 1331, 1343(a)(3), and
1343(a)(4). The Court has federal jurisdiction over Plaintiffs'
claims arising under 42 U.S.C. Section 1983 and 42 U.S.C.
Section 1988 due to state and private actors operating under
color of law. The Plaintiffs also assert the Court's

1

supplemental jurisdiction under 28 U.S.C. Section 1367 to hear all claims of this action that are related to claims heard within the Court's original jurisdiction.

2. Venue is proper pursuant to 28 U.S.C. Sec. 1391 (c) and (d) and 18 U.S.C. Sec. 1965 because both named Plaintiffs reside in this district and the events giving rise to this action occurred in this judicial district.

3. Further, the Court has jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), codified at 28 U.S.C. Section 1332(d), because this case is a class action, the Class has more than 100 members, and the amount in controversy exceeds $5,000,000.  Plaintiffs and others similarly situated through the actions of the Defendants have suffered violations of their federally protected constitutional rights afforded by the 4th, 5th, 6th, and 14th Amendments.

## PARTIES

4. Plaintiff Jennifer Kilgore is a legal resident of Mississippi residing at 8218 Dap Road, Moss Point, MS 39562.

5. Plaintiff Shirley Howard is a legal resident of Mississippi, and resides at 3236 Kings Bridge Road, Moss Point, Ms 39562.

6. Defendant Intellisafe, LLC is a Mississippi corporation and can be served through their registered agent Robert Wayne Wilkinson at 734 Delmas Avenue, Pascagoula, Mississippi 39567.

2

7. The Defendants, City of Moss Point, Chief of Police of Moss Point, Mayor of Moss Point, and each and every member of the Board of Alderman of the City of Moss Point, may be served with process through their registered agent for process, the Mayor Billy Knight, located at 4320 McInnis Avenue, Moss Point Mississippi, 39563.

8. Defendants, John Does 1-10, are Defendants whose identities are unknown at this time but who may be identified in discovery and may be liable for damages to the Plaintiffs

9. Defendants, Acme Companies 1-10, are Defendants whose identities are unknown at this time but who may be identified in discovery and are liable for damages to the Plaintiffs.

## FACTS OF THE CASE
## PERTAINING TO THE NAMED PLAINTIFFS

10.    On Wednesday December 18, 2024, Plaintiff Jennifer Kilgore allowed family members to use her Ford Explorer. Although Jennifer Kilgore did not drive her vehicle that day she was cited for driving in excess of the speed limit. She received a Notice of Speed Violation in the mail. She retained a lawyer to fight the ticket.

11. Plaintiff Shirley Howard, was issued a camera citation on Monday, November 18, 2024. She was not driving, but out of an abundance of caution paid the citation. Fear of arrest, fear of

an adverse effect on her driving record, and fear of her insurance rates going up, were sufficient motivation for an innocent person to pay rather than contest the citation.

## SUMMARY OF THE CASE

12. Plaintiffs allege that Defendant, Intellisafe, LLC, has conspired with the City of Moss Point Mayor and the Board of Alderman, with the express approval of the Chief of Police, to pass Moss Point Ordinance 36-1, allowing the police department, since June of 2024 till present, to enforce alleged traffic violations with automated recording devices. The object appears to be establishment of a stream of revenue for the benefit of the City of Moss Point, and its officers. This scheme is in violation of Mississippi Code 1972 Section 17-25-19(2023).

## CLASS ACTION ALLEGATIONS

13. Plaintiffs bring this action on behalf of themselves and numerous others similarly situated as a class action under the provisions of Rule 23 of the Federal Rules of Civil Procedure. The claims for relief in this Complaint involve a commonality among numerous Plaintiffs affected by the Defendants' actions. Plaintiffs Kilgore and Howard have suffered damages typical to the class named and set forth herein. The representative parties and their counsel will fairly and adequately protect the interest of the class. These named Plaintiffs brings this action on behalf of themselves and as a

4

Mississippi class action under Rule 23 of the Federal Rules of Civil Procedure for others similarly situated. This action satisfies the requirements of numerosity, commonality, typicality, and adequacy of representation.

14. The proposed class that Plaintiffs seek to represent is all persons who have received, or will receive, a camera citation from Moss Point Police Department from time of inception of the program until present and continuing. All Plaintiffs have suffered damages as a result of the Defendants' actions. The proposed class consists of all persons who received a citation in the mail from the City of Moss Point for an alleged speeding violation based upon a camera or video image.

15.  The following persons are specifically excluded from the class:

A.  The Defendants and their officers, directors, management, employees, parents, subsidiaries, affiliates, and co-conspirators.

B. All persons who make a timely election to be excluded from the proposed class.

C. Any federal, state, or local government entities and their departments, agencies, divisions, bureaus, boards, sections, groups, counsels and or subdivisions, and any judicial officers presiding over this action, their law clerks and spouses.

5

16. Members of the proposed class, as defined, all have Article III standing as all such persons and entities were accessed a fine based upon an affidavit/or citation of a police officer of the City of Moss Point and Intellisafe. As a result of the false, and/or misleading misrepresentations of the Defendants, Plaintiffs incurred damages of fines and/or attorney fees for defending against the Citations. Plaintiffs reserve the right to amend the definition of the proposed class.

17. The members of the putative class are so numerous that joiner is impracticable. Plaintiffs' believe that they number in the hundreds (to thousands) of persons who may be dispersed throughout the state of Mississippi, and other states. The full list of persons affected should be readily identifiable through the Defendant's records of Citations sent to Plaintiffs. Counsel currently has over one hundred clients that are represented in the Moss Point Municipal Court to fight these Citations.

18. The relatively small amount of damages incurred by the individual persons damaged and to make the filing of separate lawsuits  impracticable.

19. The Defendants have acted on grounds applicable to the proposed class in that the Defendants have routinely sought to coerce, extort and defraud the Plaintiffs in the form of $230.00 fines. Without intervention by the Court, it is reasonable to expect that the Defendants will continue to use this practice,

6

policy, or scheme to coerce, extort and/or defraud other drivers.

20. Questions of law and facts common to the members of the class predominate over questions that may affect only individual class members, making damages with respect to members of the class as a whole proper and appropriate. Questions of law and fact common to members of the class include but not limited to the following:

A. Whether the Defendants conspired to enter into a course of conduct evincing an illegal, unconstitutional, and conspiratorial scheme to defraud, coerce, and/or extort fines from the Plaintiffs;

B. Whether the City of Moss Point, the Chief of Police and Intellisafe promulgated, enacted, and/or enforced an illegal and unconstitutional ordinance regarding traffic control in Moss Point, Mississippi;

C. Whether the Ordinance passed by the City of Moss Point is in violation of Miss. Code Ann. Section 17-25-19;

D. Whether the City of Moss Point Police Officers have deprived alleged violators of their constitutional rights by

issuance of a Citations without stopping and properly identifying drivers/operator of the vehicle;

E. Whether Moss Point Police Officers made fraudulent statements when signing the Citations to alleged violators when they stated under oath that the person cited while operating the vehicle listed in the Citation, did willfully and unlawfully commit the offence of a speeding violation;

F. Whether statements on the affidavits sworn by the Moss Point Police Officers were made pursuant to an illegal and unconstitutional Ordinance passed by the City of Moss Point and enforced by the Moss Point City Police and the Chief of Police;

G. Whether the statements, representations or other materials provide to persons cited for traffic violations by the Defendants were deceptive, misleading, coercive, and or were the otherwise intended to extort money from Plaintiffs under color of law;

H. Whether the statements, representations, and other materials provided to the alleged violators by the Defendants constitute fraud;

I. Whether Defendants violated the ticketed individuals

constitutional rights by assessing fines for alleged violations, and therefore assuming those persons of being guilty prior to and without a hearing before the Municipal Court;

J. Whether Defendants violated the alleged violators constitutional rights by assessing a late fee if fines were not paid by an arbitrary due date;

K. Whether Defendants violated the alleged violators constitutional rights by fraudulently alleging that a owner of a vehicle was speeding even if they were not the driver;

L. Whether Intellisafe violated the alleged violators constitutional rights by holding themselves out as the Moss Point Police Department and setting a date for paying fines.

M. Whether the Defendants acts, omissions and course of conduct constitute a civil conspiracy under the law.

21. Plaintiffs' claims are typical of the claims of all putative class members, and are similarly affected by the Defendants' actions involving the issuance of Citations within the City of Moss Point. Further, Plaintiffs' claims are typical of all the claims by the punitive class members that arise out

of the same practices and course of conduct that give rise to the claims of the class members, and are based upon the same factual and legal theories. The named Plaintiffs are not different in any material respect from any other members of the proposed class.

22. Plaintiffs and their counsel will fairly and adequately protect and represent the interest of members of the class; and Plaintiffs' interests are coincident with, and not antagonistic to, putative members of the class.

23. Plaintiffs' are represented by counsel with more than 60 years of combined years experience in the prosecution of civil and criminal actions and complex litigation including cases in Federal District Court. Plaintiffs' counsel have the necessary financial resources to adequately and vigorously litigate this class action including associating additional counsel as may be necessary. Plaintiffs' and counsel are aware of their fiduciary responsibilities to the class members, and will diligently discharge those duties by vigorously seeking the maximum possible recovery for the class.

24. Class action treatment is superior to all other methods for the fair and efficient adjudication of this controversy. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication

of evidence, effort, and expense, that numerous individual actions would require.

25. Further, the size of the individual claim is likely not large enough to justify filing a separate action for each claim. For many, if not most, members of the proposed class, a class action is the only procedural mechanism that will afford them an opportunity for legal redress and justice. Even if the proposed class had the resources to pursue individual litigation, that method would be unduly burdensome to the courts in which such cases would proceed. Individual litigation would only serve to delay and increase the expense for all parties, as well as the court system. Individual litigation could result in inconsistent adjudication of common issues of law and fact.

26. A class action will minimize case management issues and provide multiple benefits to the litigating parties with efficiency, economy of scale, unitary adjudication with consistent results, and equal protection of the rights of the Plaintiffs and members of the proposed class. These benefits would result from the comprehensive and efficient supervision of the litigation by a single court. The benefits of the class mechanism substantially outweigh any potential difficulties in management of this class action.

27. Questions of law and fact common to Plaintiffs and the proposed class member, including those identified above,

11

predominate over questions affecting only individual members and class action treatment will allow for a large number of similarly situated individuals to prosecute their common claims in a single forum, simultaneously, efficiently, and without the necessary duplication of effort and expense that numerous individual claims would require. The equal protection clause directs that all persons similarly situated should be treated alike. *City of Cleburne v. Cleburne Living Center,Inc.*, *473 U.S. 432 (1985).*

28. A class action will further serve important public interests by permitting individuals harmed by the Defendants' unlawful scheme to effectively pursue recovery of the sums owed to them, and by deterring further unlawful conduct. The public interest in protecting the rights of individuals favors disposition of the controversy in the class action form. The Plaintiffs know of no special difficulty to be encountered in the maintenance of this action that would preclude its maintenance as a class action.

29. Class certification is further warranted because the Defendants have acted or refused to act on grounds that apply generally to the class, so final injunctive relief or a corresponding declaratory relief is appropriate respecting the class as a whole.

## FACTUAL ALLEGATIONS

30.  Upon  information  and  belief,  Intellisafe  provides equipment  and  trains  Officers  on  how  to  use  their  recording equipment. Also, upon information and belief, once an Officer is Certified by Intellisafe, he may receive additional compensation directly  from  Intellisafe.  There  is  a  revenue  split  between Intellisafe and the City of Moss Point.

31.  Upon  information  and  belief,  once  a  recorded  video  of a  Defendant  is  captured  by  a  Moss  Point  Officer  it  is  sent  to Intellisafe to issue speeding tickets and mail out the speeding violation notices to the registered owner(s) of the vehicle.  In many instances the person cited is not the driver at the time of the recording. Furthermore, citations are issued to companies as the  driver  at  the  time  of  the  recording  rather  than  to  actual drivers.

32. The citation that alleged speed violators receive in the mail is intimidating and coercive in nature. It appears to be  deliberately  designed  to  frighten  citizens  into  paying fines. Exhibits "A" and "B" are the "citations" issued to the named Plaintiffs.

33.   The  Defendants'  scheme  provides  further  coercion  by offering a "diversion program" if the alleged violator pays by a stated date and watches a video.  The diversion program offers an  additional  benefit  that,  "this  ticket  will  not  go  on  your

13

driving record". However, a defendant who does not pay under the
diversion program is directed to call a toll free number (to
Intellisafe) in order to schedule a court date. If a defendant
instead appears for the court date provided on the citation he
encounters only Intellisafe employees rather than a Judge or
Prosecutor. At that time defendants contesting a citation are
required to fill out a form called a Speeding Violation Transfer
form that authorize Intellisafe to transfer all evidence that
has been recorded. Thus, defendants who have often missed work
for court are instead told that they will be notified of an
actual court date, only to have to miss work again.  Exhibit "C"
is an example of the form.

34. The Defendants' Notice of Violation mailed to an
alleged offender provides the following three options :

1. Complete a diversion program by paying a reduced
fee of $ 230 and watching a short video at
www.CourtPayOnline.com. By completing the diversion
program and paying the reduced fee, this ticket will
not go on your record.

2. Contest this citation by visiting
www.CourtPayOnline.com. or calling 1-855-606-8587.

3. Pay the citation in full. By doing so, this ticket
will go on your driving record. You may instead choose
the diversion program mentioned above.

14

Ref: Exhibit "A" and "B" on back page of Citation.

## CLAIMS FOR RELIEF

35.   Application of the scheme between Intellisafe and the City of Moss Point has resulted in violation of the Plaintiffs' rights under the 4th, 5th, 6th and 14th Amendments, as well as under corresponding sections of the Mississippi Constitution. The City of Moss Point has adopted, promulgated, instituted and/or acquiesced in the illegal, unconstitutional, and conspiratorial scheme through the City of Moss Point official policy. Municipal liability has direct causation to the Plaintiffs' damages. The Defendants are on actual notice of their constitutional violations, as the Municipal Court Officers, including the prosecutors and the judge, are aware that someone not driving the vehicle cannot be cited for a speeding violation.

36.   The Plaintiffs further allege fraud stemming from sending a Notice of Speed Violation that looks like an official government document, conspicuously bearing the official seal and address of the Moss Point Police Department, but it is actually a document produced by Intellisafe, mailed out to the alleged violators by Intellisafe, with fines being collected by Intellisafe.

37.   Plaintiffs allege that Intellisafe has intended its Notice of Speed Violation to influence alleged violators who would likely believe that it was from the Moss Point Police

15

Department. Plaintiffs who have relied on the veracity of the document suffered damages as a direct result of the misleading nature of the "Notice of Speed Violation" .

38. Plaintiffs' allege that an Officer cannot properly issue an Affidavit swearing that a driver violated the traffic speed limit based upon recording the licence tag of a vehicle. Use of such limited information as probable cause to issue a citation results in affidavits that are false on their face. Without a vehicle stop, an Officer cannot beyond a reasonable doubt tell who was operating a vehicle. He therefore lacks probable cause for such an affidavit.

39. Plaintiffs' allege that the City of Moss Point, along with Intellisafe, LLC, has conspired to circumvent MCA Section 17-25-19 by facilitating police officers to use automated camera recording devices in order to take pictures of tags and issue speeding tickets based upon registered owners, whether or not they were driving the recorded vehicle. Upon information and belief Defendant Intellisafe, LLC is an active participant in running the scheme and collecting money.

40. The herein alleged violations of the law usurp the legislative intent of the prohibition of such activity. Along with Intellisafe LLC, the City of Moss Point is raking in substantial amounts of money derived from citizen fines and fees.

16

41. In addition to having contracted with the City of Moss Point, Intellisafe, LLC has conspired with City leaders to pass an illegal ordinance (36-3) in order to create a revenue stream, the entire time, acting under color of law, and in defiance of existing Mississippi law.

42. The named Plaintiffs and the Class assert claims of 42 U.S.C. Section 1983 and abuse of process and unjust enrichment on the backs of Mississippi citizens as follows:

**A.** Violation of their Fourth Amendment rights by the Defendants actions in enforcing an unlawful ticketing scheme. Certainly the Defendants cannot beyond a reasonable doubt tell who was actually operating the vehicle in question without stopping that vehicle and properly identifying the drivers. In absurd cases, tickets are issued to Companies and Corporations like, "The Xerox Company". Many of the Plaintiffs to this action were not even in the vehicle when the citation claims they were speeding. Many of the tickets issued are for two people listed as owners when only one person can drive. The Officers are often guessing on who was actually driving. They apparently try to show the driver in a frontal shot of the vehicle, but such photos are insufficient for the Officer to truthfully swear an affidavit of a violation of traffic laws.  Before a warrant can be issued the Fourth Amendment requires a truthful and factual

showing in the affidavit used to establish probable cause. *Franks v. Delaware*, 438 U.S. 154, 165-66 (1978)


**B.** Fourteenth Amendment violation of Due Process by using the United State Postal Service as a means to effectuate notice and service of the citation. As a result of the lack of personal service, and instead using the mail to inform citizens of an alleged violations, due process violations are bound to occur. Without proper notice alleged offenders who never received notice to come to Court are subject to fines and increased insurance costs.

**C.** Initiation of criminal actions and malicious prosecution by the Defendants has violated the Fourth and Fourteenth Amendment Constitutional rights of the Plaintiffs. The Moss Point police are issuing affidavits alleging traffic violations with no way to prove beyond a reasonable doubt who was driving without stopping the car and identifying the driver. This makes the affidavit false on its face, thus violating Plaintiffs' Fourth and Fourteenth Amendment rights. The Defendants intentionality initiate legal actions against the Plaintiffs although lacking probable cause to properly and exactly identify the drivers of vehicles. Such actions constitute an abuse of process resulting in depravation of the alleged offenders' civil

rights.

   **D.** Plaintiffs' Fifth Amendment rights are being violated by reliance upon affidavits generated by camera wielding officers rather than upon verified identity of drivers. The Defendants' scheme is generally lacking with regard to proof of who was driving beyond a reasonable doubt.

   **E.** Breach of fiduciary duty by the Police by not protecting public safety by allowing suspected speeders to continue driving rather than being stopped. Said inaction may allow drivers under the influence while speeding, or other serious violators to continue on their way without safety intervention.

   **F.** Violation of the 14th Amendment by not providing equal protection under the law by allowing Intellisafe to pick and choose who is ticketed and who is not; thus a non-governmental agency is wielding State power under color of law.

   **G.** The Plaintiffs seek such declaratory and injunctive relief under Rules 57 and 65 of Federal Rules of Civil Procedure and 28 U.S.C. Section 2201 and 2202 as may be appropriate in the premises.

   43. Plaintiff's seek all remedies and damages to which they

may be entitled under the provisions of the Federal Drivers Privacy Protection Act found at 18 U.S.C. Section 2721, and related Mississippi law; Rule 31-1-6.8, Drivers Privacy Protection Act, 31 Miss. Code R1-6.8.

44. Plaintiffs seek all remedies and damages they may be entitled to which they may be entitled under the provisions of the Class Action Fairness Act found at 28 U.S.C. Section 1332.

## PUNITIVE DAMAGES

45. In _**SMITH V. WADE**_, 461 U.S. 30 (1983), the court held that punitive damages may be awarded on a Section 1983 claim against a state or local actor who acted with reckless indifference to the plaintiffs' federally protected rights. Aided by discovery the Plaintiffs intend to prove the following:

**A.** The Defendants have all operated under "color of law" in contradiction to the intent and purpose of Mississippi Code Section 17-25-19(2023).

**B.** These actions are a direct cause of violation of the Plaintiffs' federally protected constitutional rights.

**C.** The Defendants have committed, and continue to commit, fraud on unsuspecting citizens through the use of official looking governmental documents charging traffic violations under false affidavits.

**D.** The Plaintiffs seek five million dollars in punitive damages.

46.    The Plaintiffs allege that the Defendants have acted in an arbitrary, capricious and reckless manner in choosing who to issue violations to based solely on recorded images of the vehicle and tag.

### DAMAGES

47.    Plaintiff's seek all damages appropriate in the premises; including compensatory damages, damages for emotional distress, punitive damages, reasonable attorney fees, and any other and/or alternative relief to which they are entitled in the premises.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs request a jury trial, and after said trial request that a judgment be entered against all Defendants as follows:

A.    Certify this as a Class Action under Rule 23.

B.    Appoint Futch Law Firm and Associates as counsel for the class.

C.    Adjudge compensatory damages and punitive damages as awarded by a jury and in accordance with the law and the dictates of justice;

D.    Reasonable attorney fees and all costs of these proceedings be awarded;

E.    All such as is reasonable, just proper, and eqitable, in the premises.

ON THIS the 27th day of February , 2025.

Respectfully submitted,
Jennifer Kilgore and Shirley Howard
Class representatives

_____s/D. Futch_____
BY: David C. Futch
Attorney for Plaintiffs

DAVID CARSON FUTCH, ESQ.
P.O. BOX 1149
PASCAGOULA, MS 39568
PHONE: (228) 769-8391
FAX: (228) 769-9019
davidcarsonfutch@gmail.com
MSB #99382

Robert O'Dell, OF COUNSEL              _____S/R. ODELL_____
P.O. Box 5206                          Robert E. O'Dell
228-826-1555                           Attorney for Plaintiffs
Vancleave, MS 39565
MSB # 3905
robert7reo@yahoo.com

22