**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**JENNIFER KILGORE, AND SHIRLEY HOWARD**
**INDIVIDUALLY AND ON BEHALF OF**
**ALL OTHERS SIMILARLY SITUATED**                                    **PLAINTIFFS**

**VERSUS**                              **CIVIL ACTION NO.: 1:25-cv-55-TBM-RPM**

**THE CITY OF MOSS POINT, MAYOR BILLY KNIGHT**
**AND THE CITY ALDERMEN, EACH IN THEIR OFFICIAL**
**AND ELECTED CAPACITY AND THE MOSS POINT**
**CHIEF OF POLICE, IN HIS OFFICIAL CAPACITY,**
**INTELLISAFE, LLC, JOHN DOES 1-10,**
**AND ACME COMPAINES 1-10**                              **DEFENDANTS**

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

COMES NOW, the Defendants, **THE CITY OF MOSS POINT, MAYOR**

**BILLY KNIGHT AND THE CITY ALDERMEN, EACH IN THEIR OFFICIAL**

**AND ELECTED CAPACITY AND THE MOSS POINT CHIEF OF POLICE, IN**

**HIS OFFICIAL CAPACITY** ("the City Defendants"), by and through their

attorneys, and file this, their Memorandum in Support of Motion to Dismiss, and

move this Court to dismiss this cause for lack of standing and pursuant to Rule

12(b)(6) and Rule 9(b) with prejudice and at cost to the Plaintiffs. The City Defendants

would respectfully show unto the Court, as follows:

## INTRODUCTION & STATEMENT OF FACTS

On February 27, 2025, Plaintiffs filed their First Amended Complaint [Doc. 3]

of their class action suit, alleging the City Defendants violated their Constitutional

rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments. The Plaintiffs

also attempt to allege a claim for punitive damages and claims of fraud and civil

conspiracy. Plaintiffs' "Summary of the Case" alleges:

Plaintiffs allege that Defendant, Intellisafe, LLC, has conspired with the City of Moss Point Mayor and the Board of Alderman, with the express approval of the Chief of Police, to pass Moss Point Ordinance 36-1, allowing the police department, since June of 2024 till present, to enforce alleged traffic violations with automated recording devices. The object appears to be establishment of a stream of revenue for the benefit of the City of Moss Point, and its officers. This scheme is in violation of Mississippi Code 1972 Section 1-25-19 (2023).

(Amended Compl. [Doc. 3] at p. 4). The proposed class is "all persons who have received, or will receive, a camera citation from Moss Point Police Department from time of inception of the program until present and continuing." (*Id*. at p. 5). The Plaintiffs allege that "the Defendants have routinely sought to coerce, extort and defraud the Plaintiffs in the form of $230.00 fines." (*Id*. at p. 6). The Amended Complaint further alleges "all [class members] have Article III standing as all such persons and entities were accessed a fine based upon an affidavit/or citation of a police officer of the City of Moss Point and Intellisafe." (*Id*.).

The named Plaintiffs in this action are Jennifer Kilgore and Shirly Howard. As to Plaintiff Jennifer Kilgore, she alleges that she received a Notice of Speed Violation in the mail even though she was not driving her vehicle on the day for which she was cited. She does not allege that she paid the citation, rather she retained a lawyer "to fight the ticket." (Amended Compl. [Doc. 3] at p. 3). As to Plaintiff Shirley Howard, she was issued a camera citation, which she elected to pay rather than utilize the procedures provided within the citation to challenge the citation. (*Id*. at pp. 3-4).

The "Factual Allegations" of the Amended Complaint are at paragraphs 30 through 34. ([Doc. 3] at pp. 13-14). The Amended Complaint alleges that the Notice of Violation mailed to an alleged offender provides the following three options:

1. Complete a diversion program by paying a reduced fee of $230 and watching a short video at www.CourtPayOnline.com. By completing the diversion program and paying the reduced fee, this ticket will not go on our record.
2. Contest this citation by visiting www.CourtPayOnline.com. Or calling 1-855-606-8587.
3. Pay the citation in full. By doing so, this ticket will go on your driving record. You may instead choose the diversion program mentioned above.

(Amended Compl. [Doc. 3] at p. 14). The Plaintiffs allege "a violation of their Fourth Amendment rights by the Defendants actions in enforcing an unlawful ticketing scheme." (*Id.* at p. 17). The Plaintiffs allege a "Fourteenth Amendment violation of Due Process by using the United States Postal Service as a means to effectuate notice and service of the citation." (*Id.* at p. 18). The Plaintiffs also allege a series of additional untenable constitutional violations. Specifically, they allege their Fifth Amendment rights are being violated by reliance upon affidavits generated by camera weilding officers rather than upon verified identity of drivers." (*Id.* at p. 19). They also allege the equal protection clause of the Fourteenth Amendment is violated "by allowing Intellisafe to pick and choose who is ticketed and who is not." (*Id.*). Although the Plaintiffs allege that the camera citation system "has resulted in violation of the Plaintiffs' rights under the 4th, 5th, 6th and 14th Amendments," there is no other paragraph in the Amended Complaint addressing the Sixth Amendment. (*Id.* at p. 15). Finally, the Plaintiffs seek punitive damages, alleging "[t]he Defendants have all operated under 'color of law' in contradiction to the intent and purpose of Mississippi Code Section 17-25-19 (2023)… [and] [t]hese actions are a direct cause of violation of the Plaintiffs' federally protected constitutional rights." (Amended Compl. [Doc. 3] at p. 20).

This Court should dismiss the Plaintiffs' class action suit against the City Defendants. The Plaintiffs have failed to show that they satisfy all elements of Article III standing, and their claims otherwise fail to meet the Rule 12(b)(6) or Rule 9 pleading standards. Because this Court does not have jurisdiction over the claims alleged, the claims are not cognizable under law, and/or the Plaintiffs otherwise have failed to adequately plead their claims, the Court should dismiss the Plaintiffs' claims against the City Defendants with costs assessed to the Plaintiffs.

## AUTHORITY & ARGUMENT

### I.    Standards governing Article III standing.

It is a well-settled tenet that "[i]n order to preserve the separation of powers, Article III of the United States Constitution limits judicial power to cases and controversies." *Williams v. Bienville Orthopaedic Specialists, LLC,* 737 F. Supp. 3d 411 (S.D. Miss. 2024), *appeal dismissed sub nom. Williams v. Bienville Orthopaedic Specialists, L.L.C.*, No. 24-60365, 2024 WL 5330715 (5th Cir. Sept. 6, 2024) (*citing DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341-42 (2006)). "For there to be a case or controversy under Article III, the plaintiff must have a 'personal stake in the case — in other words, standing.'" *Id.* (*quoting TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021)) (internal quotation marks omitted in the original). There are three elements of standing that the plaintiff must show in order to establish standing: "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Id.* (*citing TransUnion LLC*, 594 U.S. at 423). "In other words, '[i]f the plaintiff does not

claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve.'" *Id.* (*quoting* 594 U.S. at *id.*).

As for class actions, "[e]very class member must have Article III standing in order to recover individual damages." *Id.* at 417 (*quoting* 594 U.S. at 431). "In a class action, the named plaintiffs representing a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" *Id.* (*quoting Warth v. Seldin*, 422 U.S. 490, 502 (1975)); *see also Braidwood Mgmt., Inc. v. Equal Emp. Opportunity Comm'n*, 70 F.4th 914, 924 n.12 (5th Cir. 2023).

## A. The Plaintiffs do not have standing to pursue their procedural due process claim.

The named Plaintiffs cannot satisfy the elements to show they have Article III standing. Plaintiff Kilgore has not suffered an injury in fact as she had not paid her citation. Plaintiff Howard has not suffered an injury in fact as she chose to pay her citation rather challenge the citation with the resources provided. (*See* Amended Compl. [Doc. 3] at p. 14). Moreover, the Plaintiffs do not and cannot allege that they nor any potential class member has been prosecuted for any such citation. That a named Plaintiff has been issued a citation she has not paid, and that the other named Plaintiff has voluntarily paid her citation without challenge, is not sufficient to establish Article III standing.

The Tenth Circuit held that a motorist had no standing to pursue a procedural due process claim in a § 1983 action where she did not pay the fines and fees associated with her traffic citation. *Denny v. Richardson*, 234 Fed. Appx. 862 (10th

Cir. 2008). In *Denny*, Denny claimed the Director of the New Mexico Motor Vehicle Division ("New Mexico MVD") and State of New Mexico violated her right to procedural due process when they refused to allow her to renew her driver's license. *Id.* at 863. Denny was issued a traffic citation in the State of Arizona for a series of traffic violations, and the fines and fees associated with the citation totaled $1,194.24. *Id.* Denny did not pay the fines and fees "and took no actions under Arizona procedures in Arizona to have the traffic citation, fines, and fees nullified or set aside." *Id.* The State of Arizona, the State of New Mexico, and other states had entered a compact under which, upon notification of a traffic citation by the issuing jurisdiction, the home jurisdiction would suspend a motorist's driver's license until the motorist complied with the terms of the traffic citation of the issuing jurisdiction. *Id.* at 863-64 (citation omitted). Accordingly, when Denny went to the New Mexico MVD to renew her driver's license, the MVD refused as it had been notified by the State of Arizona that Denny had not paid the fines and fees of the traffic citation. *Id.* at 864. Denny filed suit under § 1983 for alleged due process violations by refusing to renew her driver's license without providing her a hearing for her to challenge the Arizona traffic offenses. *Id.*

The Tenth Circuit found Denny failed to assert a cognizable legal basis for challenging the New Mexico MVD's suspension of her driver's license. *Id.* at 865. Specifically, the Court found that while there was no indication that Denny was afforded an opportunity for a hearing to challenge the suspension of her driver's license, "Denny has never claimed, however, that she is not the person to whom the Arizona traffic citation was issued, and it is likewise undisputed that Ms. Denny has

not paid the fines and fees associated with the citation." *Id.* The Tenth Circuit accordingly found that "Denny has failed to satisfy the threshold 'injury in fact' requirement" *Id.* at note 2.

In *Stubbs v. City of Center Point, Ala.*, an Alabama District Court held that the plaintiff lacked standing to make a due process challenge to a traffic citation from an automated camera. 88 F. Supp. 2d 1270, 1277 (N.D. Ala. 2013). In *Stubbs*, the city contracted with a private company to implement an ordinance authorizing automated photographic enforcement of traffic violations, including speeding. *Id.* at 1273. Plaintiff Stubbs alleges that she received a notice of a traffic citation and "instructions on how to 'take care of the Notice.'" *Id.* "The instructions stated that she must select one of two options: either pay the civil penalty by personal check, money order, or credit card, or exercise her right to a hearing by submitting a hearing request and appearing at the scheduled time." *Id.* Rather than submitting a hearing request, "Ms. Stubbs paid her tickets." *Id.* The complaint alleged that "the Notice of Violation carried the full imprimatur of the State of Alabama and misled and intimidated Ms. Stubbs and the Class members into paying the 'fine.'" *Id.* at 1274.

The Court found that Ms. Stubbs failed to establish standing. The Court held that "while payment of the fine could be considered an injury, Ms. Stubb's injury is not causally connected to the conduct of which she complains because she paid her fine without taking advantage of the process provided by the City to challenge it." *Id.* at 1277-78. Moreover, "[e]ven if that process were insufficient to satisfy constitutional standards, it did not cause Ms. Stubbs to voluntarily pay her fine; no traceable connection exists." *Id.* at 1278. "Furthermore, were the court to find the process

insufficient, Ms. Stubbs would receive no redress for having paid the fine." *Id.* Accordingly, the Court held that the plaintiff lacked standing to make a due process challenge to the traffic citation.

The Sixth Circuit has held that that the plaintiff lacks standing to argue that her constitutional rights were violated "because she elected to pay the fine rather than request a hearing." *Herrada v. City of Detroit*, 275 F.3d 553, 558 (6th Cir. 2001). The Fourth Circuit affirmed a District Court's opinion, holding "courts have consistently held that, where an individual elects to pay a civil fine and thus avoid the criminal procedures provided to contest the alleged violation, that individual lacks standing to challenge the procedures they declined to use." *Clark v. Humane Soc. of Carroll Cnty., Inc.*, 2011 WL 2791041 (D. Md. July 13, 2011), *aff'd*, 468 F. App'x 342 (4th Cir. 2012).

In this case, like the motorist in *Danny*, Plaintiff Jennifer Kilgore has not denied that she received a traffic citation, and she has not paid the citation. (Amended Compl. [Doc. 3] at p. 3). Rather, as it is her prerogative, she retained counsel to challenge the citation. (*Id.*). She does not, and indeed cannot, allege that she was not afforded an opportunity to challenge her ticket. (*Id.*). Accordingly, Plaintiff Kilgore has failed to show an "injury in fact" necessary to establish Article III standing. Likewise, Plaintiff Shirley Howard has failed to show that she has Article III standing. Like the motorist in *Stubbs*, Plaintiff Howard paid the citation without utilizing any of the procedures cited in the Amended Complaint to challenge her citation. (Amended Compl. [Doc. 3] at pp. 3-4;14). "[W]hile payment of the fine could be considered an injury, [Plaintiff Howard's] injury is not causally connected to the

conduct of which she complains because she paid her fine without taking advantage of the process provided by the City to challenge it." (*Id.*). Plaintiff Howard does not, and indeed cannot, allege that she was not afforded an opportunity to challenge her ticket. As in *Stubbs*, the Amended Complaint alleges "the [citation] carried the full imprimatur of the State of [Mississippi] and misled and intimidated [Plaintiff Howard] and the Class members into paying the 'fine.'" *Stubbs*, 88 F. Supp. 2d at 1274; (*Id.*). However, this Court should find "[Plaintiff Howard's] injury is not causally connected to the conduct of which she complains because she paid her fine without taking advantage of the process provided by the City to challenge it." *Id.* at 1277-78. The Court should find that the Plaintiffs have failed to show Article III standing and dismiss this action for lack of subject matter jurisdiction.

## II. The Plaintiffs fail to adequately state a claim for relief as to their claims against the City Defendants.

The pleading standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure are well-established:

> To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010) ("To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'") (*quoting Twombly*, 550 U.S. at 555). A complaint containing mere "labels and conclusions, or a formulaic recitation of the elements" is insufficient. *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012) (citation and internal quotation marks omitted).

*Walker v. Williamson*, 131 F. Supp. 3d 580, 593 (S.D. Miss. 2015). Moreover, under Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. Pro. 9(b).

As discussed below, the Plaintiffs fail to allege a plausible claim for relief as to their Constitutional claims. Moreover, their claim for punitive damages against the City Defendants is not cognizable under the law. Further, the Plaintiffs also fail to allege fraud with particularity; therefore, the Plaintiffs' fraud claim and derivative civil conspiracy claim must fail.

### A. The Plaintiffs fail to state a claim for relief for violation of due process under the Fourteenth Amendment.

Not only have Plaintiffs failed to show that they have Article III standing, but they have otherwise failed to state a claim for relief under the Fourteenth Amendment's due process clause. The Plaintiffs allege that the Defendants violated their due process by sending the citations via first-class mail, but this allegation is unsupported by Federal and Mississippi law. The Fifth Circuit recently discussed:

> "The Fourteenth Amendment's Due Process Clause protects against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384, 162 L.Ed.2d 174 (2005). Accordingly, to state a claim for a due process violation, a plaintiff must allege "(1) the deprivation of a protected property or liberty interest, and (2) that the deprivation occurred without due process of law." *Holden v. Perkins*, 398 F. Supp. 3d 16, 23 (E.D. La. 2019) (*citing Grimes v. Pearl River Valley Water Supply Dist.*, 930 F.2d 441, 444 (5th Cir. 1991))

*Adams v. City of Harahan*, 95 F.4th 908 (5th Cir.), *cert. denied sub nom. Adams v. City of Harahan, Louisiana*, 145 S. Ct. 278 (2024). The Supreme Court discussed: "our prior decisions indicate that identification of the specific dictates of due process generally requires consideration of three distinct factors: First, the private interest

that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 334-35 (1976).

In *Stubbs*, the Court held that even if the motorist had standing to pursue her due process action, "she has failed to state a claim for a constitutional violation under § 1983." *Stubbs*, 988 F. Supp. 2d 1270, 1278. The Court explained, "[t]he Supreme Court has held that a 'constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process.'" *Id.* (*citing Zinermon v. Burch*, 494 U.S. 113, 126 (1990)). The Court found "Stubbs may have adequately alleged a deprivation—the payment of her fine—but does not allege that the City Defendants failed to provide due process because she admits that she never sought to challenge the traffic citation." *Id.* Accordingly, the Court granted the defendants' motion to dismiss. *Id.*

The Fourth Circuit has held that localities' use of first-class mail to deliver speeding citations in a speed camera program and the use of the citations as evidence at trial did not violate due process. *Snider Intern. Corp. v. Town of Forest Heights, Md.*, 739 F. 3d 140 (4th Cir. 2018). In *Snider*, a class action sought relief under § 1983 and challenged the constitutionality of the issuance and form of automated speeding citations. *Id.* at 144. The class action alleged that first-class mail is a constitutionally insufficient means of providing notice. *Id.* at 146. Discussing Supreme Court

precedent, the Fourth Circuit noted that "[n]otice must not be a mere gesture, but rather an effort reasonably calculated to effect actual notice." *Id.* (*citing Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 315 (1950)). Further, "[a]ctual notice is not necessary." *Id.* (*citing Dusenbery v. United States,* 534 U.S. 161, 168 (2002)). The Fourth Circuit held: "[t]he use of first-class mail at issue satisfies this inquiry" as "[f]irst-class mail was reasonably calculated to confer actual notice upon [class members]." *Id.* Indeed, as notice was mailed "to the addresses registered in connection with the recorded vehicles," the Fourth Circuit stated, "[i]t is difficult to imagine a more reasonable attempt at effectuating actual notice of a driving infraction than the use of registration information collected by the state's transportation agency." *Id.* at 146-47. As to the use of the citations in trial, the Fourth Circuit found no procedural due process violation. *Id.* at 148-49. The Court explained, "[a] procedural due process violation arises not upon the occurrence of a deprivation but rather the failure of due process in connection with the deprivation." *Id.* at 149 (*citing Zinermon v Burch,* 494 U.S. 113, 125 (1990)). The Fourth Circuit further explained, "to determine whether a constitutional violation has occurred, it is necessary to ask what process the state provided, and whether it was constitutionally adequate." *Id.* (*citing Zinermon,* 494 U.S. at 125). "'[P]rocedural due process is simply a guarantee' that there is notice and an opportunity to be heard." *Id.* (*quoting Mora v. City of Gaithersburg, Md.*, 519 F. 3d 216, 230 (4th Cir. 2008)). Accordingly, because there was constitutionally sufficient notice of the citation and potential penalty, and they could elect a trial prior to being assessed the penalty, the procedures were "not only constitutionally adequate but possible even more than due process requires." *Id.*

The Plaintiffs allege the Defendants committed a "Fourteenth Amendment violation of Due Process by using the United States Postal Service as a means to effectuate notice and service of the citation." (*Id.* at p. 18). The Plaintiffs specifically allege, "[a]s a result of the lack of personal service, and instead using the mail to inform citizens of an alleged violations, due process violations are bound to occur." (*Id.* at p. 18). There is no authority in support of the position that personal service is a requirement to satisfy procedural due process under the Fourteenth Amendment. Rather, the Federal Rules of Civil Procedure, Mississippi Rules of Civil Procedure, and Mississippi State Code all provide for service of notice via first-class mail. Rule 4 of the Federal Rules of Civil Procedure provides that service of process on an in-state defendant may be accomplished by following state law. Fed. R. Civ. Pro. 4(e). For service of an in-state defendant via mail, the Mississippi Rules of Civil Procedure command service "by mailing a copy of the summons and of the complaint (**by first-class mail**, postage prepaid) to the person to be served…' Miss. R. Civ. P. 4(c)(3)(A) (emphasis added). Title 63 of the Mississippi Code Annotated consistently provides for written notice via first-class mail. *See* Miss. Code. Ann. § 63-1-53(a) ("Upon failure of any person to pay timely any fine, fee or assessment levied as a result of any violation of this title, the clerk of the court shall give written notice to such person by **United States first-class mail** at his last known address advising such person …") (emphasis added); *see also* Miss. Code Ann. § 63-1-52 ("(1) Whenever the Commissioner of Public Safety suspends, cancels or revokes the driver's license or driving privileges of any person, notice of the suspension, cancellation or revocation shall be given to such person…(2)(b) **[i]n writing, by United**

**States first class mail**…") (emphasis added). Accordingly, the Plaintiffs claim that the lack of personal service constitutes a deprivation of due process is untenable.

Even if, by alleging she paid her citation, Plaintiff Shirley Howard adequately alleged a deprivation, because she admits that she never sought to challenge the traffic citation, despite alleging that the citation provided the option and resources to do so, she cannot plausibly claim that she was not provided adequate due process. The Court should find that the Plaintiffs have failed to adequately plead a violation of procedural due process under the Fourteenth Amendment by service of notice via first-class mail. Moreover, merely alleging "due process violations are bound to occur" does not satisfy the pleading standards under Rule 12(b)(6), and the Court is not required to accept groundless accusations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (holding that a pleading is insufficient if it contains mere labels and conclusions or tenders naked assertions devoid of further factual enhancement). As this claim is not cognizable, the Court should dismiss the Plaintiffs' procedural due process claims.

## B. The Plaintiffs fail to adequately plead violations of their rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments.

The Plaintiffs also allege a series of additional untenable constitutional violations. The Plaintiffs allege their Fourth Amendment rights are being violated "by the Defendants actions in enforcing an unlawful ticketing scheme." (Amended Compl. [Doc. 3] at p. 17). However, it is a misrepresentation to this Court to suggest the enforcement of any allege "scheme" as not a single citation issued through the camera traffic system has been enforced. The City Defendants have not taken any action whatsoever to enforce the payment of any citation. Those who have paid their citation have elected to do so, voluntarily choosing not to challenge the citation. The

Plaintiffs also assert "[b]efore a warrant can be issued the Fourth Amendment requires a truthful and factual showing in the affidavit to establish probable cause." (*Id.* at pp. 17-18). However, this allegation is inappropriate in this case as (1) no warrants have issued, (2) the Plaintiffs do not and cannot allege any warrant has been issued, and (3) no affidavits have generated to support any such warrant.

The Plaintiffs allege their "Fifth Amendment rights are being violated by reliance upon affidavits generated by camera wielding officers rather than upon verified identity of drivers." (Amended Compl. [Doc.3] at p. 19). As explained, there have been no such affidavits and warrants issued or generated in regard to the citations at issue. It is unclear why the Plaintiffs are asserting this claim, and indeed disingenuous to represent to this Court that such affidavits/warrants exist. Moreover, the Plaintiffs do not allege what rights under the Fifth Amendment they contend are being violated. Should the Plaintiffs refer to the provision of the Fifth Amendment stating, "nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law," the Plaintiffs do not allege that the Defendants are violating their right against self-incrimination, and, for the reasons stated above, the Plaintiffs cannot adequately plead a due process claim under the circumstances of this case.

The Plaintiffs also allege the equal protection clause of the Fourteenth Amendment is violated "by allowing Intellisafe to pick and choose who is ticketed and who is not." (*Id.*). However, the Plaintiffs fail to allege that any protected class has been unfairly targeted. As the Fifth Circuit noted, "[t]he equal protection clause requires that all persons similarly situated be treated alike." *Piotrowski v. City of*

*Houston*, 237 F.3d 567, at note 15 (5th Cir. 2001) (*citing City of Cleburne, Texas v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1989). Further, "[i]n order to establish a violation of equal protection, a plaintiff must show "'the existence of purposeful discrimination" motivating the state action which caused the complained-of injury.'" *Id.* (*citing Johnson v. Rodriguez*, 110 F.3d 299, 306 (5th Cir. 1997) (*quoting McCleskey v. Kemp*, 481 U.S. 279, 292–93 (1987))). In this case, the Plaintiffs do not allege purposeful discrimination. They merely allege, without any supporting facts, that Intellisafe *could* potentially "pick and choose" who is ticketed, but they do not and cannot allege any facts to plausibly establish the existence of purposeful discrimination. The Court should dismiss the Plaintiffs equal protection claim.

Although the Plaintiffs allege that the camera citation system "has resulted in violation of the Plaintiffs' rights under the 4th, 5th, 6th and 14th Amendments," there is no other paragraph or fact in the Amended Complaint addressing any alleged violation the Sixth Amendment. (*Id.* at p. 15). Because the Plaintiffs fail to allege any facts in support of this claim, the Court should grant the City Defendants' motion to dismiss.

**C. The Plaintiffs' claim for punitive damages against the City Defendants is not cognizable or otherwise untenable.**

Plaintiffs seek punitive damages, alleging "[t]he Defendants have all operated under 'color of law' in contradiction to the intent and purpose of Mississippi Code Section 17-25-19 (2023)…[and] [t]hese actions are a direct cause of violation of the Plaintiffs' federally protected constitutional rights." (Amended Compl. [Doc. 3] at p. 20). However, this Court has recently discussed that punitive damages are not recoverable against a municipal defendant:

> Punitive damages are indeed recoverable under § 1983. *Smith v. Wade*, 461 U.S. 30, 56 (1983); *Hale v. Fish*, 899 F.2d 390, 404 (5th Cir.1990); however, **the awarding of such damages is not available against a municipal defendant.** *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 267 (1981) ("A municipality ... can have no malice independent of the malice of its officials. Damages awarded for punitive purposes, therefore, are not sensibly assessed against the governmental entity itself."); *Webster v. City of Houston*, 735 F.2d 838, 860 n. 52 (5th Cir. 1984).

*Cox v. City of Jackson*, 343 F. Supp. 2d 546, 579 (S.D. Miss. 2004). The Court should, therefore, dismiss the Plaintiffs' claim for punitive damages as to the City of Moss Point. The Plaintiffs' claim for punitive damages should also be dismissed as to the remaining City Defendants. "Under § 1983, punitive damages may be awarded only if the official conduct is 'motivated by evil intent' or demonstrates 'reckless or callous indifference' to a person's constitutional rights." *Sockwell v. Phelps*, 20 F.3d 17, 192 (5th Cir. 1994) (*quoting Smith v. Wade*, 461 U.S. 30 (1983)). As discussed above, the Plaintiffs have failed to plausibly plead a claim of a violation of any constitutional right. As the Plaintiffs have failed to sufficiently allege that the City Defendants violated their constitutional rights, the Plaintiffs cannot plausibly allege a claim for punitive damages. The Court should dismiss the Plaintiffs' punitive damages claim against the City Defendants.

### D. The Plaintiffs failed to adequately plead a claim for fraud against the City Defendants.

Pursuant to Rule 9(b), "all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity" and, at a minimum, should include "the particulars of 'time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Tel-Phonic Services, Inc. v. TBS Int'l, Inc.*, 975 F.2d

1134, 1139 (5th Cir. 1992) (*quoting* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1297, at 590 (1990)).

> Under Mississippi law, the elements of a fraud claim are as follows:
>
> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on the truth; (8) his right to rely thereon; (9) his consequent proximate injury.
>
> *Peters v. Metro. Life Ins. Co.*, 164 F. Supp. 2d 830, 834 (S.D. Miss. 2001).

"[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Id.* at 835 (*quoting Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir. 1997)) (citation omitted). "A claim of fraud can neither be presumed nor stated in general terms." *Id.* (*citing Allen v. Mac Tools, Inc.*, 671 So.2d 636, 642 (Miss. 1996)) (citation omitted). "The circumstances of the alleged fraud, such as the time, place and contents of any false representation must be stated." *Id.* (*citing Allen*, at *id.*).

In this case, the Plaintiffs "in general terms" allege their fraud claim against the City Defendants. In the "Claims for Relief" section of the Amended Complaint, the Plaintiffs merely allege "fraud stemming from sending a Notice of Speed Violation that looks like an official government document, conspicuously bearing the official seal and address of the Moss Point Police Department, but it is actually a document produced by Intellisafe, mailed out to the alleged violators by Intellisafe, with fines being collected by Intellisafe." (Amended Compl. [Doc. 3] at p. 15). The City Defendants would move this Court to dismiss the same for failure to plead the

elements of a claim of fraud with particularity as required under Rule 9(b) of the Federal Rule of Civil Procedure.

### E. The Plaintiffs fail to adequately plead a plausible claim of civil conspiracy against the City Defendants.

This Court has explained, "[u]nder Mississippi law, a civil conspiracy is simply a combination of persons who conspire for the purpose of accomplishing an unlawful purpose or a lawful purpose unlawfully." *Ward v. Life Invs. Ins. Co. of Am.*, 383 F. Supp. 2d 882, 890 (S.D. Miss. 2005) (*citing Shaw v. Burchfield,* 481 So. 2d 247, 255 (Miss. 1985)). "Mississippi follows the rule of almost all jurisdictions in uniformly requiring that civil conspiracy claims be predicated upon an underlying tort that would be independently actionable." *Id.* (*Wells v. Shelter Gen. Ins. Co.,* 217 F. Supp. 2d 744, 755 (S.D. Miss. 2022)). The Plaintiffs allege that the City Defendants, along with Intellisafe, LLC, have conspired to commit fraud. (Amended Compl. [Doc. 3] at p. 16). As discussed above, because the Plaintiffs do not adequately plead a claim for fraud, their civil conspiracy claim must fail.

## <u>CONCLUSION</u>

The Plaintiffs have failed to show that they meet all elements required to establish Article III standing. Further, the Plaintiffs have failed to adequately plead their Constitutional claims against the City Defendants, their claim for punitive damages against the City Defendants is not cognizable, and they fail to allege their fraud claim with particularity. The Court should dismiss this class action and all claims against the City of Moss Point, Mayor Billy Knight and the City Aldermen, and the Moss Point Chief of Police with prejudice and at cost to the Plaintiffs.

**DATED** this the ___21st___ day of __March__, 2025.

Respectfully submitted,

BRYAN, NELSON, SCHROEDER,
CASTIGLIOLA & BANAHAN, PLLC
Attorneys for Defendants,

**THE CITY OF MOSS POINT, MAYOR
BILLY KNIGHT AND THE CITY
ALDERMEN, EACH IN THEIR
OFFICIAL AND ELECTED CAPACITY
AND THE MOSS POINT CHIEF OF
POLICE, IN HIS OFFICIAL CAPACITY**

BY: /s/ John A. Banahan
    **JOHN A. BANAHAN (MSB 1731)**

**BRYAN, NELSON, SCHROEDER,
CASTIGLIOLA & BANAHAN, PLLC**
1103 Jackson Avenue (39567)
Post Office Drawer 1529
Pascagoula, MS 39568-1529
Tele: (228) 762-6631
Fax: (228)769-6392
john@bnscb.com

## CERTIFICATE OF SERVICE

I, **JOHN A. BANAHAN**, one of the attorneys for the Defendants, **THE CITY OF MOSS POINT, MAYOR BILLY KNIGHT AND THE CITY ALDERMEN, EACH IN THEIR OFFICIAL AND ELECTED CAPACITY AND THE MOSS POINT CHIEF OF POLICE, IN HIS OFFICIAL CAPACITY**, do hereby certify that I have this date electronically filed the foregoing <u>Memorandum in Support of Motion to Dismiss</u> with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

**DATED:** March 21, 2025

/s/ John A. Banahan
 **JOHN A. BANAHAN (MSB 1731)**

**BRYAN, NELSON, SCHROEDER, CASTIGLIOLA & BANAHAN, PLLC**
1103 Jackson Avenue (39567)
Post Office Drawer 1529
Pascagoula, MS 39568-1529
Telephone No.  (228) 762-6631
Fax No.  (228)769-6392
john@bnscb.com