IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JENNIFER KILGORE, AND SHIRLEY HOWARD
INDIVIDUALLY AND ON BEHALF OF ALL
OTHERS SIMILARLY SITUATED                                PLAINTIFFS


VERSUS          CIVIL ACTION NO.:1:25-cv-LG-RPM


THE CITY OF MOSS POINT, MAYOR BILLY KNIGHT
AND THE CITY ALDERMEN, EACH IN THEIR OFFICIAL
AND ELECTED CAPACITY AND THE MOSS POINT
CHIEF OF POLICE, IN HIS OFFICIAL CAPACITY,
INTELLISAFE, LLC, JOHN DOES 1-10, AND
ACME COMPANIES 1-10
                                                         DEFENDANTS

**MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS**

COME NOW, Plaintiffs Jennifer Kilgore and Shirley Howard, Individually and on behalf of all others similarly situated, and file this their Memorandum in Opposition of Defendants' Motion to Dismiss, and respectfully show unto the Court, as follows:


STATEMENT OF FACTS

In an effort to prove the Plaintiff's claims without having the benefit of discovery it is believed that the following are undisputed facts as to the Defendants:

1. The City of Moss Point, with the Aldermen and the Chief of Police,

passed an ordnance that allowed the use of recording devices to issue speeding violations.

2. The Moss Point ordinance is in violation of Miss. Code Ann. Section 17-25-19(2009) which states that the governing authority of a municipality shall not:

> ...enact or enforce any ordinance authorizing the use of automated recording equipment or system to enforce compliance with traffic signals, traffic speeds or other laws, rules or regulations on any public street, road or highway within this state or to impose or collect any civil or criminal fine, fee or penalty for any such violation.

3. The City of Moss Point has allowed the Moss Point Chief of Police to issue speeding violations by the use of automated camera equipment that an officer simply points at the car, front and back, records images, and signs an affidavit for a speeding violation against the registered owner of the vehicles, regardless who was actually driving.

In this case the Plaintiffs live in the jurisdiction in which the acts complained of occurred. They had Citations for speeding violations mailed to them. The Citations stated that they were speeding in their vehicle and must pay a fine or challenge the violation through a process involving a third party company named (Defendant), Intellisafe, LLC. The speeding citations complained of were issued through a camera and radar device that captures both a front view and the vehicle tag on the rear. Based solely on the imaging by the devise Moss Point Officers have signed affidavits that

the registered owner or owners were violating the speeding law.

RESPONSE TO "AUTHORITY AND ARGUMENT"
OF DEFENDANTS

In considering a motion to dismiss for want of standing the trial court must accept all material allegations of the complaint as true. It must further construe the complaint in favor of the complaining party. _Warth v. Seldin_, 95 S. Ct. 2197, 422 U.S. 490, 45 L.Ed 2d 343 (1975).

I.

Article III Standing

The Defendants first argue that the Plaintiffs do not have Article III standing for lack of meeting an element or elements of the test quoted as follows: "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized and actual or imminent;(ii) that the injury was likely caused by the defendant, and (iii) that the injury would likely be redressed by judicial relief". Citing _Transunion LLC v. Ramirez_, 594 U.S. 413, 423 (2021).

The Plaintiffs sub judice meet Article III standing under the _Ramirez_ test by alleging the following:

1. Injury in fact, actual injury from payment of fines and or attorney fees, collateral effect on driving records and increased cost of insurance.

2. The alleged causal connection is that all citations

complained of were of the offending "camera citation" type.

3. Award of damages and/or injunctive relief would be appropriate redress.

Defendants first seek dismissal of the named Plaintiffs' claims due to an alleged lack of "injury in fact", and thus standing. The first authority cited for the claim is _Denny v. Richardson_, 234 Fed. App. 862 (10th Cir 2008). Denny had claimed that the Director of the New Mexico vehicle division had violated her due process rights by refusal to allow her to renew her drivers licence due to an unpaid Arizona traffic fine. The Tenth Circuit ruled that dismissal of her claim against New Mexico was appropriate because Denny did not claim that she was not properly cited for an offense in Arizona, and she did not pay the fines for that citation.

The Court clearly viewed the denial of a reissuance of a drivers licence by the Vehicle Division Director as being lawful and within his discretion, therefore, Denny did not suffer an injury based on denial of her licence renewal. In short, the denial was simply an appropriate ministerial act of the Director under state law. _Denny_ is inapplicable to this case.

The Defendants next cite _Stubbs v. City of Center Point, Ala._ 988 F. Supp. 2d 1270 (N.D. Ala. 2013), as supporting their standing argument. While the _Stubbs_ case also dealt with automated photographic enforcement of traffic violations it is inapposite to this action. Stubbs claimed to have been damaged by alleged improper

4

procedures applicable to adjudication of her traffic citation. Rather than requesting a hearing in which the practices she complained of would have had application, she paid the fine. As the Defendants quote from the decision, "were the court to find the adjudicatory process insufficient, Ms Stubbs would have received no redress for having paid the fine." Memorandum of Defendants, p.7. Thus, Ms Stubbs was not damaged by the process she complained of in her complaint, i.e., the hearing process applicable to such citations.

Sub judice the Plaintiffs' complaint alleges that the entire process imposed upon them and others similarly situated is unlawful. Citations issued against the named Plaintiffs and others similarly situated are the fruit of an unlawful enterprise, ab initio. Furthermore, every citation issued and mailed by the Defendants has the same invalid underlying basis, an affidavit improperly and unlawfully issued by an officer of the City of Moss Point that becomes the underlying basis for all actions and consequences as to each and every citation processed and mailed by the Defendants. The Defendants reliance upon *Stubbs* is also misplaced and not applicable in this case.

5

II.

SUFFICIENCY OF CLAIMS FOR RELIEF

At paragraph II, p.9 of their memorandum the Defendants argue that Plaintiffs fail to adequately state a claim for relief. In actuality the Plaintiffs' complaint goes far beyond the level of a "short and plain" statement of claims for relief required by Fed.R.Civ.Pro. 8(a)(2). Plaintiffs' allegations of fraud by the Defendants are stated with sufficient particularity. Discovery may uncover further facts in support of the fraud and other claims.

A. Defendant's allegations of insufficiency of Fourteenth
Amendment claims

The Plaintiffs' claims for relief meet every part of the three part test recited by the Defendants in accordance with *Matthews v. Eldridge*, 424 U.S. 319 (1976) as follows:

> First, the private interest that will be affected by the official action; second, the risk of erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional or substitute procedural safeguards; and finally, the Government interest, including the function involved and the fiscal and administrative burdens that the initial procedural requirement would entail. *Matthews v. Eldridge*, 424 U.S. 319, 334-35 (1976).

Considering these elements one by one, each is clearly met here.

1) Private interest affected: Certainly each named plaintiff and

putative class member to this action has pecuniary, time, and emotional interests affected by the actions alleged.

2) Risk of erroneous deprivation of interest through procedures used: Such risk is extraordinarily higher than would be simple reliance upon tried and true ordinary traffic/speeding control procedures wherein officers make actual traffic stops and identify drivers, the nature of any cause for excessive speed, and matters pertaining risk to public safety, such as intoxication. An officer is ordinarily tasked with stopping violations in progress.

3) The Government's interest, including burdens of alternative procedures: To avoid deprivations of due process government actors could simply follow customary police traffic control measures and follow state law as to allowed procedures for issuance of traffic citations.

Defendants further cite *Stubbs* for the proposition that a "constitutional violation actionable under Section 1983 is not complete when the deprivation occurs; it is not complete unless the State fails to provide due process." (Defendants memorandum, p. 11). Again, in this action the Plaintiffs allege that the entire process being used by the City of Moss Point and its associated private actors is prohibited by state law, is extraordinary, and deprives its

victims of due process both initially and throughout the process.

Furthermore, in these instances, Plaintiffs allege that the United States mail is being improperly and unlawfully utilized in furtherance of Defendants' unlawful scheme. While first class mail may be a constitutionally sufficient means of providing notice in many instances, it is not therefore subject to use for furtherance of an entirely unlawful enterprise.

    B. The Plaintiffs have adequately plead violations of their constitutional rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments.

The Defendants initiate their claims that the Plaintiffs' Complaint is deficient as to its constitutional violation claims with a tacit admission that the entire ticketing system complained of is merely a joint venture revenue scheme between the City of Moss Point and Intellisafe. They admit that "not a single citation issued through the camera traffic system has been enforced." As detailed in Plaintiffs' complaint a yet unknown number, but at least in the hundreds, of such citations have been initiated and mailed to citizens. The most apparent reason that "not a single violation has been enforced" is that they are legally insufficient to support proof beyond a reasonable doubt.

As clearly supported by their Complaint, the Plaintiff's allege violation of their Fifth Amendment due process rights by being compelled to pay fines and/or take other actions to defend against citations that are not lawfully issued. Furthermore, a system in which alleged violators are hailed into court, or as in this case a pseudo court, based upon improperly issued affidavits and by procedures that are unlawful, is not without injury because a ticketed person does not know the scheme is unlawful, and pays a fine. He may do so based upon his natural assumption of validity of the process, or for any other reason that persons receiving traffic citations choose to pay rather than contest them. In fact, that is by all appearances and consideration of the admissions made in the Defendants' memorandum, the only way anyone would ever suffer the consequences of a fine in the premises. The Defendants have not shown that the City Prosecutor has prosecuted a single citation. Apparently, even their own City Prosecuting attorney knows that these citations are unlawful.

The Defendants seek to recharacterize the Plaintiffs allegations of violation of the Fourteenth Amendment rights of the named Plaintiffs and others similarly situated. As their Complaint makes clear, the Plaintiffs do not allege violation of the equal

9

protection rights of persons cited versus others who may not have been cited based upon officer discretion. The base allegation is that every person cited under the scheme has suffered due process violation as compared to those members of the public that receive citations through appropriate and lawful means.

As per the *Piotrowski* case cited by the Defendants, (stating that "the equal protection clause requires that all persons similarly situated be treated alike") the automated ticketing scheme complained of creates an entirely disparate class of citizens who are deprived of all of the safeguards of identification and investigation accorded to citizens by usual police procedures. *Piotrowski v. City of Houston*, 237 F.3D 567, Note 15 (5th Cir.2001). Purposeful violation of ordinary and lawful means of traffic control and citation is certainly alleged in Plaintiff's Complaint.

Persons receiving traffic citations customarily meet their accuser, the officer issuing the citation, at the time of the alleged offence. They therefore know what they were then doing, and at least generally, the speed at which they were traveling at the moment of it being captured on radar. In extreme contrast to that context, persons receiving only a citation by mail days or weeks

later may not recall any of the perenent facts relating to the alleged offense.

The Sixth Amendment guarantees the accused a speedy and public trial. By the Defendants' own admissions, not a single person charged has received that process.

C. The Plaintiffs' can claim punitive damages against all the Defendants except the City of Moss Point as a Municipal Corporation.

The Plaintiffs concede that the United States Supreme Court has held that municipalities are immune from punitive damages awards under *City of Newport v. Fact Concerts, Inc. and Marvin Lerman*, 101 S. Ct 2748, 69 L.Ed. 2d 6161, 453 U.S. 247 (1981). However, no other Defendant enjoys such immunity for their actions sub judice.

Contrary to the Defendants' claim that "Plaintiffs do not allege a purposeful discrimination", the Plaintiffs' complaint alleges numerous acts of purposeful discrimination against persons issued camera citations. In fact the complaint alleges that the entire scheme purposefully discriminates against persons ticketed, fined, and/or prosecuted thereunder. All Defendants other than the City of Moss Point itself should be subject to punitive damages as

11

the proof supports.

D. The Plaintiffs' have adequately plead their claims for fraud versus the City Defendants.

As the Defendants' motion acknowledges the Plaintiffs' Amended Complaint alleges "fraud stemming from sending a Notice of Speed Violation that looks like an official government document conspicuously bearing the official seal and address of the Moss Point Police Department, but is actually a document produced by Defendant Intellisafe, mailed out to the alleged violators by Intellisafe, with fines being collected by Intellisafe".(Amended Compl.[Doc.3] at p.15).

The context of time and circumstances in which the Plaintiffs have made the allegations is to all camera citations issued by the City of Moss Point as complained of in the Complaint. Thus, all criteria of the *Allen* case cited by the Defendants are met as to Complainants' fraud allegations. *Allen v. Mac tools, Inc.*, 671 So.2d 636 (Miss. 1996). As a matter of pleading the Plaintiffs must merely state their claim with particularity as per Rule 9(b) of the Federal Rules of Civil Procedure.

Mississippi law holds that the elements of fraud to be:

12

```
(1) a representation;
(2) its falsity;
(3) its materiality;
(4) the speakers knowledge of its falsity or ignorance of
    its truth;
(5) his intent that it should be acted upon by the person
    and in the manner reasonably contemplated;
(6) the hearer's ignorance of its falsity;
(7) his reliance on the truth;
(8) his right to rely thereon;
(9) his consequent proximate injury.
```
*Peters v. Metro. Life Ins. Co.*, 164 F. Supp. 2d 830, 834(S.D. Miss. 2001).

Sub judice the Plaintiffs' Complaint alleges false material representations that the speakers (Defendants City of Moss Point, et.al.) know to be false, i.e. Intellisafe, not the City, is processing citations. Plaintiffs also allege that false/fraudulent affidavits underlie the camera citations. Intent that the false communication be acted upon by persons cited in the manner reasonably contemplated (i.e. Payment of fines) is obviously implicit, as are the hearer's ignorance of its falsity, reliance on the truth, right of reliance thereon, and consequent proximate injury.

E. The Plaintiffs plead a plausible claim of civil conspiracy against City Defendants.

As the City Defendants acknowledge, "under Mississippi law, a civil conspiracy is simply a combination of persons who conspire

13

for the purpose of accomplishing an unlawful purpose or a lawful purpose unlawfully" *Ward v. Life Invs. Ins. Co. Of Am.*, 383 F. Supp. 2d 882, 890 (S.D. Miss.2005)

The alleged purpose of the complained of citation procedures of the City of Moss Point in collaboration with a private company is to raise revenue. Civil conspiracy will be proven upon the Plaintiffs prevailing upon their Complaint allegations that the City of Moss Point/Intellisafe camera citation scheme is unlawful and/or being utilized unlawfully. *Ward v. Life Invs. Ins. Co. Of Am.*, 383 F. Supp. 2d 882, 890 (S.D. Miss.2005) (citing *Shaw v. Burchfield*, 481 So. 2d 247,255 (Miss. 1985)).

CONCLUSION

As stated herein the Plaintiffs acknowledge that under U.S. Supreme court precedent that a municipality cannot be held liable for punitive damages. The Defendants motion should otherwise be denied in its entirety.

Respectfully Submitted:

THIS THE _2nd _day of April, 2025.

>Jennifer Kilgore and Shirley Howard
>Class representatives
>_s/dcfutch_____
>BY: David C. Futch
>Attorney for Plaintiffs

DAVID CARSON FUTCH, ESQ.
P.O. BOX 1149
PASCAGOULA, MS 39568
PHONE: (228) 769-8391
FAX: (228) 769-9019
davidcarsonfutch@gmail.com
MSB #99382


Robert O'Dell, OF COUNSEL          ____s/reo'dell_____
P.O. Box 5206                        Robert E. O'Dell
228-826-1555                       Attorney for Plaintiffs
Vancleave, MS 39565
MSB # 3905
robert7reo@yahoo.com

CERTIFICATE OF SERVICE

I, David Carson Futch, one of the attorneys for the Plaintiffs, do hereby certify that I have this date filed the above foregoing Memorandum in Support of Motion to Oppose Motion to Dismiss, with the Clerk of the Court using the ECF system to notify all counsel.

THIS THE 2nd Day of April, 2025.

    _s/dcfutch_____

    BY: David C. Futch

    Attorney for Plaintiffs


DAVID CARSON FUTCH, ESQ.
P.O. BOX 1149
PASCAGOULA, MS 39568
PHONE: (228) 769-8391
FAX: (228) 769-9019
davidcarsonfutch@gmail.com
MSB #99382

Robert O'Dell, OF COUNSEL    ____s/reo'dell_____
P.O. Box 5206    Robert E. O'Dell
228-826-1555    Attorney for Plaintiffs
Vancleave, MS 39565
MSB # 3905
robert7reo@yahoo.com