IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JENNIFER KILGORE and
SHIRLEY HOWARD,
Individually and on behalf
of all others similarly                                             PLAINTIFFS
situated

v.                                                      CAUSE NO. 1:25cv55-LG-RPM

THE CITY OF MOSS POINT;
MAYOR BILLY KNIGHT
AND THE CITY
ALDERMEN, EACH IN
THEIR OFFICIAL AND
ELECTED CAPACITY; THE
MOSS POINT CHIEF OF
POLICE, in his official
capacity; INTELLISAFE,
LLC; JOHN DOES 1–10; and
ACME COMPANIES 1–10                                                DEFENDANTS

*consolidated with*

MIKE OVERBY and
SANDRA OVERBY,
Individually and on behalf
of all others similar                                              PLAINTIFFS

v.                                                     CAUSE NO. 1:25cv281-LG-RPM

THE CITY OF MOSS POINT
and THE MOSS POINT
CHIEF OF POLICE, in his
official capacity                                                  DEFENDANTS

**ORDER REQUIRING THE PARTIES TO PROVIDE BRIEFS
CONCERNING THE *HECK* DOCTRINE, THE *ROOKER-
FELDMAN* DOCTRINE, AND *YOUNGER* ABSTENTION**

In these consolidated, putative class actions, Jennifer Kilgore, Shirley

Howard, Mike Overby, and Sandra Overby claim that the defendants violated their

constitutional rights and state law by mailing speeding tickets based on

photographic evidence instead of issuing them during traffic stops.  For the

following reasons, the Court finds that the parties should be required to provide

briefs concerning applicability of the *Heck* doctrine, *Rooker-Feldman* doctrine, and

the *Younger* abstention doctrine.

## DISCUSSION

The State of Mississippi Uniform Traffic Tickets[1] issued to Kilgore and the

Overbys provide:

> The original of this ticket and the charge noted on the face of such is
> officially lodged when the issuing officer filed same with the court.
>
> This ticket may be disposed of by mail or personal appearance on or
> before the appearance dates as noted.  However, you have a right to a
> trial if you do desire.

Kilgore/Howard Compl., Ex. B [1-2]; Overby Complaint, Ex. A [1-2] at 9.  The tickets

further outline three options for addressing the citation: (1) "[c]omplete a diversion

program by paying a reduced fee of $230 and watching a short video online . . ."; (2)

contest the citation by visiting a website or calling a telephone number; or (3) "[p]ay

the citation in full . . . ."  *Id.*

Kilgore and Howard attempt to assert claims pursuant to the Fourth, Fifth,

Sixth, and Fourteenth Amendments of the United States Constitution.  They also

attempt to file state law claims for fraud, abuse of process, unjust enrichment,

breach of fiduciary duty, and malicious prosecution.  They seek declaratory and

---

[1] A copy of Howard's ticket has not been filed with the Court.

injunctive relief, compensatory damages, damages for emotional distress, punitive damages, and attorney's fees. The Overbys attempt to assert a fraud claim, as well as claims under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. They request a declaratory judgment that "every ticket that the Moss Point Police Department has issued through a third party and enforced by a recording device be rendered illegal" and "null and void." Overby Compl. [1-2] at 8.

Under Mississippi law, speed violations are criminal in nature. *See* Miss. Code Ann. § 63-3-201. Claims challenging the validity of state criminal charges, convictions, or rulings generally must be raised in the criminal case itself, on direct appeal, or through post-conviction relief. For example, the *Heck* doctrine bars claims that necessarily imply the invalidity of a state court conviction or sentence, unless that conviction or sentence has already been invalidated through direct appeal, executive order, a state tribunal, or federal habeas relief. *See generally Heck v. Humphrey*, 512 U.S. 477 (1994); *see also Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) (finding that, when the *Heck* doctrine may be implicated, the district court should "stay proceedings in the section 1983 case until the pending criminal case has run its course"). Meanwhile, the *Rooker–Feldman* doctrine precludes lower federal courts from exercising appellate jurisdiction over final state-court judgments. *See generally D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (explaining that the *Rooker–Feldman*

doctrine applies to cases brought by "state-court losers" challenging "state-court judgments rendered before the district court proceedings commenced").[2] In addition, the *Younger* abstention doctrine prohibits a federal court from entering injunctive or declaratory relief that interferes with ongoing state court proceedings absent extraordinary circumstances. *See generally Younger v. Harris*, 401 U.S. 37 (1971); *see also Google, Inc. v. Hood*, 822 F.3d 212, 222 (5th Cir. 2016) (noting that *Younger* abstention applies to federal lawsuits for injunctive and declaratory relief).

Here, Howard voluntarily paid the fine assessed for the speeding violation.[3] But Kilgore hired an attorney to contest the ticket, and the Overbys filed a request for dismissal in the Municipal Court of Moss Point, Mississippi, in April 2025. Overby Compl. [1-2] at 2; Ex. B [1-3] at 13. The Moss Point Defendants previously asserted:

> [N]ot a single citation issued through the camera traffic system has been enforced. The City Defendants have not taken any action whatsoever to enforce the payment of any citation. Those who have

---

[2] While *Rooker-Feldman* provides a jurisdictional bar to federal lower court actions in very limited circumstances, the Supreme Court noted, "[T]he pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . . . Comity or abstention doctrines may, in various circumstances, permit or require the federal court to stay or dismiss the federal action in favor of the state-court litigation." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005) (citation modified). Furthermore, "[t]he Full Faith and Credit Act, 28 U.S.C. § 1738 . . . requires the federal court to give the same preclusive effect to a state-court judgment as another court of that State would give." *Id.* at 293 (citation modified).

[3] It is unclear whether Howard completed the diversion program, which would prevent the ticket from going on her driving record, or paid the citation in full, which would have caused the ticket to go on her driving record. *See* Kilgore/Howard Compl., Ex. B [1-2].

paid their citation have elected to do so, voluntarily choosing not to challenge the citation.

Moss Point Mem. [9] at 15.

The status of Kilgore's ticket and the Overbys' request for dismissal is unclear.  The Court is also aware that a request for an injunction was filed in Jackson County Circuit Court in 2024, but the status of that case is likewise unclear.  The parties are therefore ordered to provide the Court with briefs providing the status of the Plaintiffs' tickets, the status of the Circuit Court case, and the status and details of any other relevant state court matters.  The parties are further required to address whether the *Heck* doctrine, the *Rooker-Feldman* doctrine, and/or *Younger* abstention applies to any of the Plaintiffs' claims.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the parties must provide briefs to the Court concerning the status of all related criminal or civil actions pending in state court as well as the applicability of the *Heck* doctrine, the *Rooker-Feldman* doctrine, and the *Younger* abstention doctrine to any of the Plaintiffs' claims on or before **March 25, 2026**.

**SO ORDERED AND ADJUDGED** this the 19th day of March, 2026.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

-5-