**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**JENNIFER KILGORE,**
**individually and on behalf**
**of all others similarly**
**situated**                                                           **PLAINTIFFS**

**v.**                                                  **CAUSE NO. 1:25cv55-LG-RPM**

**THE CITY OF MOSS POINT;**
**MAYOR BILLY KNIGHT**
**AND THE CITY**
**ALDERMEN, EACH IN**
**THEIR OFFICIAL AND**
**ELECTED CAPACITY;**
**INTELLISAFE, LLC;**
**JOHN DOES 1–10; and**
**ACME COMPANIES 1–10**                                   **DEFENDANTS**

## ORDER GRANTING PLAINTIFF'S RULE 41(a) MOTION TO DISMISS

Plaintiff Jennifer Kilgore, individually and on behalf of all others similarly situated, has filed a "Rule 41(1)(A)(ii) Motion to Dismiss." Mot. [54]. However, Fed. R. Civ. P. 41(a)(1)(A)(ii) pertains to "a stipulation of dismissal signed by all parties who have appeared." Since Defendants have not signed the Motion to Dismiss, the Court construes Plaintiff's Motion as one filed pursuant to Fed. R. Civ. P. 41(a)(2). This subsection of Rule 41 provides, "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

On July 23, 2026, the Court conducted a telephonic status conference at which Counsel clarified Plaintiff's desire to voluntarily dismiss the remaining claims in this putative class action with prejudice and with each party to bear its

own costs and attorneys' fees.  Counsel for Defendants informed the Court that they do not oppose Plaintiff's request.

Since no class has been certified in this case and no class is proposed to be certified for purposes of settlement, the Court finds that it is not required to follow the procedures set forth in Fed. R. Civ. P. 23(e) before granting Plaintiff's Motion. *See Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1082–83 (8th Cir. 2017) ("[T]he overwhelming majority of courts have held that when no class has been certified, voluntary dismissal of a putative class action is governed not by Rule 23 but by Rule 41."). As a result, the Court will dismiss this action with prejudice pursuant to the agreement of the parties.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's [54] Motion to Dismiss is **GRANTED**.  This lawsuit is **DISMISSED WITH PREJUDICE** with each party to bear its own costs and fees.  The Court will enter a separate judgment as required by Fed. R. Civ. 58(a).

**SO ORDERED AND ADJUDGED** this the 23rd day of July, 2026.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE